IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RENEY VALDEZ,                                          6:13-cv-00304-MA

             Plaintiff,                      OPINION AND ORDER

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

           Defendant.


RORY JOSEPH LINERUD
P.O. Box 1105
Salem, Oregon 97308-1105

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

FRANCO L. BECIA
Assistant Regional Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant


1 - OPINION AND ORDER

MARSH, Judge

Plaintiff, Reney Valdez, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for supplemental security income (SSI) disability benefits under Title XVI of the Social Security Act (the Act). See 42 U.S.C. §§ 1381-1383f. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, I affirm the final decision of the Commissioner.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed the instant application for SSI on April 12, 2006, alleging disability due to depression, "nerve damage," migraine headaches, asthma, bipolar disorder, and seizures. Tr. 132. Plaintiff's claim was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) presided over a hearing on May 20, 2008, at which Plaintiff was represented by counsel and testified. Tr. 698-738. Vocational Expert (VE) Mark McGowan was also present throughout the hearing and testified. On September 4, 2008, the ALJ issued a decision denying Plaintiff's application. The Appeals Council declined review, and Plaintiff timely appealed to this Court.

On June 23, 2011, this Court issued an Opinion and Order upholding the ALJ's findings in large part, but reversing and remanding to the Commissioner for further clarification of the

ALJ's findings regarding Plaintiff's social functioning limitations and the effect such limitations have on her ability to perform other work in the national economy. Valdez v. Astrue, No. 3:10-cv-00657-BR (#13), at 18-19.

Accordingly, on April 12, 2012, the ALJ held a hearing concerning the issues on remand at which Plaintiff testified and was represented by counsel. Tr. 667-97. Because the ALJ found a conflict in the medical record that required the consultation of a medical expert, no additional VE testimony was taken at this hearing.

The ALJ accordingly held an additional hearing to obtain the opinion of consulting medical expert, Dr. Arthur Lewy, on November 1, 2012, at which Plaintiff was present and represented by counsel. Tr. 657-66.   After the ALJ finished questioning Dr. Lewy, Plaintiff's counsel declined cross-examination.  Tr. 664.  When the ALJ asked Plaintiff if she had any statement to make in response to Dr. Lewy's comments, Plaintiff stated that she disagreed with Dr. Lewy's assessment that she did not give maximal effort in psychological testing and stated she intended to file a civil lawsuit against the ALJ.  Tr. 664-66.  The ALJ then adjourned the hearing without hearing additional VE testimony.   Tr. 665-66. Therefore, the relevant VE testimony remains Mr. McGowan's from the hearing on May 20, 2008.

3 - OPINION AND ORDER

## FACTUAL BACKGROUND

Born on June 16, 1970, Plaintiff was 26 years old on the alleged onset date of disability and 42 years old on the date of the most recent hearing. Tr. 148. Plaintiff has a 9th grade education with no past relevant work. Tr. 137, 634. Plaintiff alleges her conditions became disabling on October 1, 1996. Tr. 148.[1]

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(a)(4)(i)-(v). Each step is potentially dispositive. The claimant bears the burden of proof at Steps One through Four. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national economy that the claimant can perform. See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ determined Plaintiff has not engaged in substantial gainful activity since the application date, April 12, 2006. See 20 C.F.R. §§ 416.971 et seq.; Tr. 615.

At Step Two, the ALJ determined Plaintiff's migraines, depressive disorder, anxiety disorder, somatoform disorder, and

---

[1] The limited scope of Plaintiff's assignments of error do not necessitate a lengthy factual background.

opiate dependence are severe impairments.   See 20 C.F.R. § 416.920(c); Tr. 615-23.

At Step Three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment.   See 20 C.F.R. §§ 416.920(d), 416.925, 416.926; Tr. 623-25.

The ALJ found Plaintiff has the residual functional capacity (RFC) to perform the full range of light work, defined as the ability to lift and carry 20 pounds occasionally and 10 pounds frequently, sit for up to six hours per eight-hour workday, and stand and walk for six hours in an eight-hour workday.   The ALJ further limited Plaintiff to the ability to perform only "simple, routine tasks," no work requiring teamwork, and only occasional contact with coworkers and the public.   Tr. 625-34.

At Step Four, the ALJ found Plaintiff has no past relevant work.   See 20 C.F.R. § 416.965; Tr. 634.

At Step Five, however, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform, including Cleaner/Housekeeper, Small Product Assembler, and Security Guard.   See 20 C.F.R. §§ 416.969, 416.969(a); Tr. 634-35.

Accordingly, the ALJ found Plaintiff was not disabled within the meaning of the Act.

///

///

5 - OPINION AND ORDER

## ISSUES ON REVIEW

Plaintiff raises one issue on appeal.  Plaintiff argues the ALJ improperly relied on erroneous VE testimony because the jobs cited by the VE are inconsistent with the RFC.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld.  Andrews, 53 F.3d at 1039-40.  If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

The sole issue on appeal is whether the jobs cited in the VE's testimony are consistent with the RFC and therefore sufficient to

carry the Commissioner's burden at Step Five.    Plaintiff does not challenge the RFC.

As noted above, at Step Five the Commissioner bears the burden to show that a significant number of jobs exist in the national economy that the claimant can perform.  See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.  "The ALJ may meet his burden at step five by asking a vocational expert a hypothetical question based on medical assumptions supported by substantial evidence in the record and reflecting all the claimant's limitations, both physical and mental, supported by the record."  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012).

"The occupational evidence provided by a VE should generally be consistent with the occupational information supplied by the [Dictionary of Occupational Titles (DOT)]."  Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1233 (9th Cir. 2009).  "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation."  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  Thus, "[i]ntroduction of evidence of the characteristics of specific jobs available in the local area through the testimony of a vocational expert is appropriate, even though the job traits may vary from the way the job title is classified in the DOT."  Id.

The Commissioner must establish that the claimant can perform the work associated with a significant number of jobs in either the

regional or national economy.  Beltran v. Astrue, 700 F.3d 386, 388-89 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(2)(A)); Gutierrez v. Comm'r Soc. Sec. Admin., 740 F.3d 519, 523 (9th Cir. 2014).  The Ninth Circuit has not "clearly established the minimum number of jobs necessary to constitute a 'significant number.'" Barker v. Sec'y Health & Human Servs., 882 F.2d 1474, 1478 (9th Cir. 1989); Beltran, 700 F.3d at 389.  Nonetheless, the Ninth Circuit has held that as few as 900 jobs in the regional economy is sufficient to be considered a "significant number."  Yelovich v. Colvin, 532 F. App'x 700, 702 (9th Cir. 2013).  As to jobs available in the national economy, the Ninth Circuit has held that as few as 25,000 jobs are sufficient.  Gutierrez, 740 F.3d at 529-30.

The VE testified, and Plaintiff does not contest, that the Cleaner/Housekeeper occupation consists of 500,000 jobs in the national economy and 4,000 jobs in the regional economy, the Small Product Assembler occupation consists of 100,000 jobs in the national economy and 1,000 jobs in the regional economy, and the Security Guard occupation consists of 450,000 jobs in the national economy and 3,800 jobs in the regional economy.  Tr. 635, 732. Because each of these jobs independently meets the significance threshold, the ALJ's reliance on the VE's testimony will only constitute harmful error if all three jobs are unavailable under the RFC.  See Yelovich, 532 F. App'x at 702.

The VE testified that the jobs he identified, with the exception of Security Guard which he opined is actually performed at SVP Level 2 rather than SVP Level 3, are consistent with the corresponding descriptions in the DOT.  Tr. 733.

**I.    Small Product Assembler**

Plaintiff first argues the job of Small Product Assembler is not available under the RFC because the ALJ's limitation to "no teamwork" is inconsistent with the narrative description of the job in the DOT.  The Small Product Assembler occupation cited by the ALJ is classified as light work with a Reasoning Level of 2 and an SVP of 2.  Dictionary of Occupational Titles 706.684-022 (4th ed. 1991), available at 1991 WL 679050.  The DOT describes the duties of a Small Product Assembler as follows:

> Performs any combination of following repetitive tasks on assembly line to mass produce small products, such as ball bearings, automobile door locking units, speedometers, condensers, distributors, ignition coils, drafting table subassemblies, or carburetors: Positions parts in specified relationship to each other, using hands, tweezers, or tongs. Bolts, screws, clips, cements, or otherwise fastens parts together by hand or using handtools or portable powered tools. *Frequently works at bench as member of assembly group assembling one or two specific parts and passing unit to another worker.* Loads and unloads previously setup machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal-cutting operation on assembly line. May be assigned to different work stations as production needs require or shift from one station to another to reduce fatigue factor. May be known according to product assembled.

Id. (emphasis added).

9 – OPINION AND ORDER

Plaintiff maintains that the requirement in the occupational description that a Small Product Assembler work as a "member of assembly group assembling one or two specific parts and passing unit to another worker," is inconsistent with the limitation to "no teamwork" in the RFC.  This argument is without merit.

The description of Small Product Assembler provides that an employee independently assembles part of a unit before passing the unit onto another worker for further assembly.  There is nothing in the DOT's description of Small Product Assembler that requires the sort of coordination, collaboration, or cooperation implicated by a restriction on the ability to engage in teamwork.  "Plaintiff's own interpretations of the DOT occupations and [her] conclusory statements as to why they conflict with [her] RFC, by themselves, are simply insufficient to establish that the ALJ erred in this instance."  Finkenbinder v. Comm'r Soc. Sec. Admin., No. 6:12-cv-01049-HZ, 2013 WL 4828941, at *5 (D. Or. Sep. 9, 2013).  Thus, I find that Plaintiff's alternative interpretation of the DOT does not render the VE's testimony inconsistent with the DOT in this respect.  Accordingly, the ALJ appropriately relied on the VE's opinion that, pursuant to the RFC, Plaintiff could perform the work of Small Product Assembler.

## II. **Cleaner/Housekeeper**

Plaintiff next argues that the job of Cleaner/Housekeeper is unavailable under the RFC because the limitation to occasional

contact with the public or coworkers is inconsistent with the
narrative description of the job in the DOT.  Cleaner/Housekeeper
is defined as light work with a Reasoning Level of 1 and an SVP of
2.  Dictionary of Occupational Titles 323.687-014, available at
1991 WL 672783.    The DOT describes the duties of a
Cleaner/Housekeeper as follows:

> Cleans rooms and halls in commercial establishments, such
> as hotels, restaurants, clubs, beauty parlors, and
> dormitories, performing any combination of following
> duties: Sorts, counts, folds, marks, or carries linens.
> Makes beds.   Replenishes supplies, such as drinking
> glasses and writing supplies.  Checks wraps and *renders
> personal assistance to patrons.*  Moves furniture, hangs
> drapes, and rolls carpets.  Performs other duties as
> described under CLEANER (any industry) I Master Title.
> May be designated according to type of establishment
> cleaned as Beauty Parlor Cleaner (personal ser.); Motel
> Cleaner (hotel & rest.); or according to area cleaned as
> Sleeping Room Cleaner (hotel & rest.).

Id. (emphasis added).

Plaintiff specifically argues that the limitation in the RFC
to occasional public contact precludes work as a
Cleaner/Housekeeper because the DOT description indicates such a
worker "renders personal assistance to patrons."   I disagree.
"[P]laintiff's argument erroneously assumes that issues not
explained or expressly 'identified' in the DOT . . . necessarily
mean that the representative DOT occupations conflict with [her]
RFC."  Finkenbinder, 2013 WL 4828941, at *5.  The inclusion of one
workplace task that involves public interaction at the end of a
long list of workplace tasks that otherwise do not require public

interaction does not establish that the job requires more than occasional public interaction. Notably, the Commissioner defines "occasional" as "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5; Vargas v. Colvin, No. 3-12-cv-00768-HZ, 2013 WL 3119566, at *5 (D. Or. June 18, 2013). Simply put, nothing in the DOT description of Cleaner/Housekeeper implies a worker would ordinarily be required to render personal assistance to patrons more than one-third of the time. Thus, as with the Small Product Assembler occupation, I find Plaintiff's alternative interpretation of the DOT does not render the VE's testimony inconsistent with the DOT in this respect. Finkenbinder, 2013 WL 4828941, at *5. Accordingly, the ALJ appropriately relied on the VE's opinion that a person with Plaintiff's RFC could perform the work of Cleaner/Housekeeper.

## III. **Security Guard**

Finally, Plaintiff argues the limitation of Plaintiff to "simple, routine tasks" in the RFC conflicts with the DOT description of the Security Guard occupation because such occupation requires Reasoning Level 3.[2] Indeed, the Security Guard occupation cited by the VE and relied upon by the ALJ requires a

---

[2] Plaintiff argues the ALJ also limited Plaintiff to one- to two-step tasks in the RFC. This is incorrect. The only reference to one- to two-step tasks in the ALJ's opinion was a reference to the opinion of Plaintiff's counselor Jeff Koeppel during the Step Three analysis. Tr. 624. The ALJ specifically noted, however, that the limitations discussed at Step Three "are not a residual functional capacity assessment." Tr. 625.

Reasoning Level 3. <u>Dictionary of Occupational Titles</u> 372.667-034,

<u>available at</u> 1991 WL 673100. Appendix C of the DOT defines the six

reasoning development levels used in occupational definitions:

Level 1:    Apply commonsense understanding to carry out
            simple one- or two-step instructions. Deal
            with standardized situations with occasional
            or no variables in or from these situations
            encountered on the job.

Level 2:    Apply commonsense understanding to carry out
            detailed but uninvolved written or oral
            instructions. Deal with problems involving a
            few concrete variables in or from standardized
            situations.

Level 3:    Apply commonsense understanding to carry out
            instructions furnished in written, oral, or
            diagrammatic form. Deal with problems
            involving several concrete variables in or
            from standardized situations.

Level 4:    Apply principles of rational systems to solve
            practical problems and deal with a variety of
            concrete variables in situations where only
            limited standardization exists. Interpret a
            variety of instructions furnished in written,
            oral, diagrammatic, or schedule form.

Level 5:    Apply principles of logical or scientific
            thinking to define problems, collect data,
            establish facts, and draw valid conclusions.
            Interpret an extensive variety of technical
            instructions in mathematical or diagrammatic
            form. Deal with several abstract and concrete
            variables.

Level 6:    Apply principles of logical or scientific
            thinking to a wide range of intellectual and
            practical problems. Deal with nonverbal
            symbolism (formulas, scientific equations,
            graphs, musical notes, etc.) in its most
            difficult phases. Deal with a variety of
            abstract and concrete variables. Apprehend
            the most abstruse classes of concepts.

Id. App. C, available at 1991 WL 688702 (examples omitted).

Plaintiff argues a limitation to "simple, routine tasks" necessarily limits Plaintiff to only Reasoning Level 1 work. The vast majority of courts to have considered this issue, including the Ninth Circuit and this Court, have found a limitation to simple, routine work consistent with *at least* Level 2 reasoning.[3] E.g., Abrew v. Astrue, 303 F. App'x 567, 569-70 (9th Cir. 2008) (consistent with Level 2); Fisk v. Colvin, No. 6:13-cv-00410-TC, 2014 WL 667590, at *2-*4 (D. Or. Feb. 20, 2014) (consistent with Level 3); Delatorre v. Colvin, No. 6:12-cv-01911-AA, 2013 WL 6284389, at *6 (D. Or. Dec. 3, 2013) (consistent with Level 2) Brien v. Colvin, No. 3:11-cv-01223-AA, 2013 WL 3045917, at *4 (D. Or. June 15, 2013) (consistent with Level 2); Patton v. Astrue, No. 6:11-cv-06423-ST, 2013 WL 705909, at *1 (D. Or. Feb. 25, 2013) (consistent with Level 2). As noted above, however, employment in the Security Guard occupation requires Reasoning Level 3. Accordingly, the parties ask the Court to determine if a limitation to "simple, routine tasks" is consistent with Reasoning Level 3.

This question has created a substantial split among the courts. Compare, e.g., Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (finding a restriction to "simple" work is consistent

---

[3] For this reason, Plaintiff's argument in passing that a restriction to "simple, routine tasks" is also inconsistent with the occupation of Small Parts Assembler and its Reasoning Level 2 is incorrect.

with Reasoning Level 3); <u>Renfrow v. Astrue</u>, 496 F.3d 918, 920-21 (8th Cir. 2007) (finding an inability to do "complex" work consistent with Level 3 reasoning); <u>Fisk</u>, 2014 WL 667590, at *2-*4 (finding a limitation to following simple instructions consistent with Reasoning Level 3); <u>with, e.g.</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding a limitation to "simple and routine work tasks" inconsistent with Level 3 reasoning, but consistent with Level 2); <u>McDonald v. Colvin</u>, No. EDCV 12-1700 RNB, 2013 WL 5492551, at *1-*2 (C.D. Cal. Sep. 30, 2013) (finding a limitation to simple, repetitive tasks inconsistent with Level 3 reasoning).

I need not resolve this difficult question in this case, however, because even if the VE testimony that Plaintiff could perform work as a Security Guard notwithstanding her limitation to "simple, routine tasks" was inconsistent with the DOT, any error in the ALJ's reliance on such testimony was harmless. As discussed above, the ALJ properly relied on VE testimony that Plaintiff could perform work as a Small Product Assembler and as a Cleaner/Housekeeper. Those jobs independently and in combination exceed the threshold to constitute jobs available in significant numbers in the regional and national economies. Thus, even if the ALJ erred in relying on the VE testimony with respect to the Security Guard occupation, any such error would be harmless. <u>See</u> <u>Yelovich</u>, 532 F. App'x at 702. The ALJ properly found at Step Five

that jobs exist in significant numbers in the national and regional economies that Plaintiff can perform.

**CONCLUSION**

For the foregoing reasons, the decision of the ALJ is AFFIRMED.

IT IS SO ORDERED.

DATED this _16_ day of April, 2014.

*Malcolm F Marsh*
Malcolm F. Marsh
United States District Judge

16 - OPINION AND ORDER